**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-cv-01397- WJM-KMT

DOUG WANKER and
MARYANN WANKER,

      Plaintiffs,

v.

BROADSPIRE SERVICES, INC.

      Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

This Order is entered pursuant to the agreement of Plaintiffs, by and through Counsel, and Defendant, by and through Counsel. The Court finds as follows:

    A.    That Defendant possesses certain information that it alleges to contain confidential, proprietary, sensitive, or trade secret information that may be subject to discovery in this action, but that Defendant asserts should not be made publicly available.

    B.    That a Protective Order should be entered in this matter that will properly balance the discovery rights of the Plaintiffs with Defendant's rights to protect information it alleges to be confidential, proprietary, sensitive, or trade secret information, and it is therefore:

    **ORDERED, ADJUDGED AND DECREED:**

All production and disclosure of information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER, by Defendant during this litigation shall be governed by this Order, including, but not limited to, information contained in or derived from

documents, deposition testimony, deposition exhibits, trial testimony, computer memory or archives, other written, recorded or graphic matter, and all copies, excerpts, or summaries thereof (collectively, "information").

**1. Definitions**

(a) "Document" shall mean any information in written or recorded form.

(b) "Party" or "Parties" shall mean any individual or entity that has appeared or will appear in this lawsuit including, but not limited to: Plaintiff Douglas Wanker, Plaintiff Maryann Wanker and Defendant Broadspire Services, Inc. Any Parties added to the lawsuit after the entry of this Protective Order shall also be considered a Party under this Protective Order.

(c) "Confidential" means any information, document, or thing, or portion of any document or thing: (a) that the producing Party reasonably asserts contains trade secrets, competitively sensitive technical, marketing, financial, sales or other private, personal, confidential or commercially sensitive business information, or (b) which the producing Party otherwise believes in good faith to be entitled to protection. Nothing in this definition of Confidential shall be binding on the Court in determining whether a Confidential designation has been appropriately claimed and/or whether documents should be entitled to confidentiality, in the case of a dispute. When producing such information, documents or things, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, Defendant shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential"). Any mark placed on such material shall be done in such a way as not to obscure the contents of the designated material.

This Stipulated Protective Order shall not apply to any publicly available materials, any materials that Plaintiffs obtain from means other than through disclosure by or discovery from Defendant in this case.

### 2.     Use of Confidential Material

All Confidential material shall be used by the receiving Party solely for purposes of this action, shall not be used by the receiving Party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving Party to anyone other than those set forth in Paragraph 3, unless and until the restrictions herein are removed either by written agreement of Counsel for the Parties, or by Order of the Court. Confidential material shall be used only by individuals permitted access to it under Paragraph 3, or as the Court may otherwise permit. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) Counsel for the Party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

### 3.     Disclosure of Confidential Material

Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

   (a)   Parties, including designated representatives and counsel for the entity defendant;

   (b)   Experts or consultants retained by a Party or Counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

(c)     Counsel working on this case and associates, secretarial, paralegal, clerical, duplicating and data processing personnel of counsel;

(d)     The Court and court personnel;

(e)     Any deponent or witness may be shown or examined on any information, document or thing designated Confidential; and

(f)     Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, videographers, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

Any documents filed with the Court which are subject to this Stipulated Protective Order shall be filed under seal.

Nothing in this Protective Order shall control the use of exhibits or testimony at trial. If Defendant wishes to obtain an Order closing the Court to the public or sealing the trial record, a motion seeking such shall be filed no later than thirty (30) days before trial.

### 4.     Use of Confidential Material at Depositions

With respect to any depositions that involve a disclosure of Confidential material, Defendant shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other Parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the Parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 3 above and the

deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 3 above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all Parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 2 and 3. Only the page and line numbers designated during the aforementioned time period shall be considered "Confidential".

### 5. Objections to Designation of Materials as Confidential

If Counsel for a Party receiving documents or information designated as Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a) Counsel for the objecting Party shall serve on the designating Party a written objection to such designation, which shall describe with reasonable particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating Party shall respond in writing to such objection within 14 days, and shall state with reasonable particularity the grounds for asserting that the document or information is Confidential.  Counsel shall then confer in good faith in an effort to resolve the dispute.

(b) If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

(c)     This Stipulated Protective Order shall not deprive any Party of its right to object to discovery by any other Party or on any otherwise permitted ground. This Stipulated Protective Order is being entered without prejudice to the right of any Party to move the Court for modification or for relief from any of its terms.

(d)     Nothing in this Stipulated Protective Order shall be construed to alter or shift the burdens of production and persuasion ("the burden of proof") as they apply to the assertion of privileges or exemptions from public disclosure or any claim or affirmative defense in this matter.

**6.    Requests to Seal Documents**

All requests to seal documents filed with the Court shall comply with the applicable Rules of Procedure, including Local Rules.

**7.    Unintentional Disclosures**

(a)     The inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing Counsel for all Parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Stipulated Protective Order.

### 8.     Survival of Stipulated Protective Order

This Stipulated Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the Parties filed with the Court.

### 9.     Return of Documents

Within forty-five (45) days of the final conclusion of this litigation, each Party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals of documents and things containing Confidential material and to destroy, all copies of Confidential material as well as excerpts, summaries and digests revealing Confidential material; provided, however, that Counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Stipulated Protective Order. Within forty-five (45) days of the final conclusion of this litigation, Counsel for a party who has received Confidential materials, shall confirm to counsel for Defendant, in writing, that all originals of Confidential materials have been returned and that all copies, excerpts, summaries and digests revealing such Confidential materials have been destroyed. To the extent a Party requests the return of Confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the Party shall file a motion seeking such relief.

**10.     Modifications**

This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

**IT IS SO ORDERED**.

Dated this 6th day of November, 2015.

_____
Kathleen M. Tafoya
United States Magistrate Judge